Steven Alexander BEARMAN,
Appellant

v.

The STATE of Texas, Appellee.

No. 01–08–00787–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 2010.

Casey L. Garrett, Houston, TX, for appellant.

April Adams Silva, Assistant District Attorney, Houston, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## ORDER OF ABATEMENT

SHERRY RADACK, Chief Justice.

The issue presented by this appeal is whether (1) appellant was deprived of counsel during a critical stage of trial, and, if so, (2) whether he suffered harm. We abate.

## BACKGROUND

On May 3, 2007, appellant pleaded guilty to the first-degree felony offense of misapplication of fiduciary property. On August 28, 2008, the trial court conducted a pre-sentence investigation hearing, after which the trial court found appellant guilty and assessed punishment at 35 years' confinement. Fourteen days later, on September 11, 2008, appellant filed a notice of appeal and the trial court granted trial counsel's motion to withdraw. On October 3, 2008, appellant filed a pro se motion for an extension of time to file a motion for new trial and requested appointment of appellate counsel. The trial court appointed appellate counsel on October 7, 2008.

## DENIAL OF COUNSEL DURING A CRITICAL STAGE

In his first issue on appeal, appellant contends that the trial court erred in failing to appoint him an attorney during a critical stage in the criminal process, the time during which a motion for new trial may be filed. He also alleges that he was harmed by such denial of counsel.

### Denial of Counsel during 30–day Period for Filing New Trial

A defendant has a right to file a motion for new trial, but must do so no later than 30 days after sentence is imposed. *See* TEX.R.APP. P. 21.4(a). A trial court has 75 days from the imposition of sentence to rule on the motion for new trial. TEX. R.APP. P. 21.8(a).

■ Although a motion for new trial is not required in order to present a point of error on appeal, *see* TEX.R.APP. P. 21.2, a hearing on the motion serves to develop evidence that is not otherwise in the record. *See Oldham v. State,* 977 S.W.2d 354, 361 (Tex.Crim.App.1998). Motions for new trial have been used primarily for claims of newly discovered evidence or

jury misconduct, and are helpful for developing evidence of a trial attorney's ineffective assistance of counsel, particularly when the issues concern a claim that is premised on a trial attorney's failure to act. *See id.* at 361–62.

It is well-established that the time for filing a motion for new trial is a critical stage of the criminal proceedings, and that a defendant has a constitutional right to counsel during that period. *Cooks v. State,* 240 S.W.3d 906, 908 (Tex.Crim. App.2007). When trial counsel does not withdraw and is not replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial. *Smith v. State,* 17 S.W.3d 660, 662 (Tex.Crim.App. 2000); *Oldham,* 977 S.W.2d at 363.

Here, appellant's trial counsel did not withdraw until two weeks after sentencing. We presume that trial counsel informed appellant of his appellate rights. *Oldham,* 977 S.W.2d at 362–63. Appellant's filing of a notice of appeal shows that he had knowledge of the appellate process and deadlines. *See Oldham,* 977 S.W.2d at 363; *Benson v. State,* 224 S.W.3d 485, 492 (Tex.App.-Houston [1st Dist.] 2007, no pet.).

However, the record clearly shows that for the second two weeks of the 30–day period after sentencing, appellant was not represented by counsel at all. Trial counsel was permitted to withdraw two weeks into the 30–day period, and appellate counsel was not appointed until after the 30–day period had expired. There is no presumption that appellant continued to be represented by trial counsel during this time, because the record conclusively shows that he was not. *See Garcia v. State,* 97 S.W.3d 343, 347–48 (Tex.App.-Austin 2003, pet. ref'd) (stating rebuttable presumption not applicable

when trial counsel was permitted to withdraw and appellate counsel not appointed until after 30–day period for filing new trial expired). While trial counsel may have made appellant aware of his right to file a motion for new trial, appellant did not have the assistance of counsel in doing so. Because of the gap in appellant's representation during the 30–day period after sentencing, we conclude that the record before us clearly demonstrates that appellant was denied counsel during a critical stage of the criminal process. *See Mashburn v. State,* 272 S.W.3d 1, 5 (Tex.App.-Fort Worth 2008, pet. ref'd) (holding appellant not represented by counsel during part of 30–day period for filing motion for new trial).

### Harm

However, to abate based on any gap in representation during a critical stage, the defendant must show he was harmed by it. *See Cooks,* 240 S.W.3d at 908; *Mashburn,* 272 S.W.3d at 5.

In *Cooks,* the defendant was unrepresented by counsel for the first 20 days of the 30–day period for filing a motion for new trial, and his appellate counsel asserted in her motion to abate that she did not have time to decide whether to file a motion for new trial. 240 S.W.3d at 911. The Court of Criminal Appeals held that this was sufficient to rebut the presumption that appellant was adequately represented by counsel during the entire 30–day period for filing a motion for new trial. *Id.* However, the court further held that this deprivation of counsel was harmless because appellant presented no "facially plausible claims" that he would have raised in a motion for new trial. *Id.* at 912. The defendant's motion to abate asserted only that he wish to file a motion for new trial to complain about trial counsel's ineffectiveness for failing to call a material wit-

ness or adequately investigate the case. *Id.* The court held that "[t]his conclusory allegation does not establish reasonable grounds to believe that appellant's trial counsel was ineffective" because appellant did not "set out what evidence or information the 'named material witness' or a 'promised investigation' would have revealed that reasonably could have changed the result of this case." *Id.*

In *Mashburn,* the court of appeals held that appellant was not adequately represented by counsel for a part of the 30–day period for filing a motion for new trial, but concluded that appellant was not harmed by any gap in representation because he did "not say what issues he would have raised on appeal that were not preserved by the motion for new trial filed and presented by trial counsel, nor [were] any of the issues in his brief barred from consideration by [the court of appeals]." *Mashburn,* 272 S.W.3d at 3.

In this case, appellant argues that he received erroneous advice regarding his decision to plead guilty to a first-degree felony. Specifically, appellant claims that he pleaded guilty to misappropriating fiduciary funds over $200,000, which is a first degree felony, *see* TEX. PENAL CODE ANN. § 32.45(c)(7) (Vernon Supp. 2009), but that he actually had an interest in a portion of those funds. Section 32.02 of the Penal Code provides that:

> If the actor proves by a preponderance of the evidence that he gave consideration for or had a legal interest in the property or service stolen, the amount of the consideration or the value of the interest so proven shall be deducted from the value of the property or serviced ascertained . . . to determine value for purposes of this chapter.

TEX. PENAL CODE ANN. § 32.02(d) (Vernon 2003). Thus, appellant argues that, "if [he] was induced to plead guilty to a first-degree felony because his attorney was not aware of his right to a set-off under section 32.02, or did not spend adequate time reviewing the State's evidence to recognize that the amounts were overinflated, [appellant] received ineffective assistance of counsel and his plea was involuntary."

██ We recognize that ineffective assistance of counsel is a non-jurisdictional defect that may be waived by a guilty plea without an agreed recommendation as to punishment, but such a plea must be voluntary. Normally, an open plea waives non-jurisdictional error that may have occurred prior to the plea, but this is inapplicable where it is asserted the plea is involuntary. *See Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996), *disapproved on other grounds by Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App.2001); *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim. App.1987). Appellant contends that he was entitled to a motion for new trial to develop evidence that his plea was involuntary because trial counsel did not advise him of a possible right to an offset, thereby possibly lowering the grade of the offense.

██ Appellant's request to abate the appeal shows what issues he would raise—ineffective assistance of counsel for failing to address appellant's right to an offset. Appellant further alleges how the result of the case would have been changed had the issue been raised—he would not have pleaded guilty. We conclude that, because appellant has shown a "facially plausible claim" to be raised in a motion for new trial, he has likewise shown that he was harmed by the denial of counsel during the 30–day period for filing a motion for new trial.

## CONCLUSION

Because appellant has shown that he was not adequately represented during the

period for filing a motion for new trial and that he was harmed by the lack of such representation, we abate the proceedings and restart the appellate timetable. *See Ward v. State,* 740 S.W.2d 794, 800 (Tex. Crim.App.1987); *Benson,* 224 S.W.3d at 491.