Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00787-CR

———————————

Steven Bearman, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District
Court 

Harris County, Texas



Trial Court Case No. 1,095,272

 

 



 

MEMORANDUM OPINION

          Steven A. Bearman pleaded guilty to a
first degree violation for misapplication of fiduciary property. Tex. Penal Code Ann. § 32.45 (Vernon 2003).  The issue presented in this appeal is whether appellant’s
guilty plea was involuntary because of the ineffective assistance of counsel
prior to the plea hearing. We affirm the trial court’s judgment.

BACKGROUND

          The State indicted appellant, Steven
A. Bearman, for misapplication of fiduciary property. At the time of the
indictment, appellant was working as a personal injury attorney in Houston,
Texas. He was accused of entering into attorney-client agreements with victims
of automobile accidents who had potential negligence claims, promising to seek
a settlement or verdict on their behalf. Following this, he would secretly settle
the victim’s case with the insurance company and keep the settlement money for
himself. The indictment listed sixteen former clients, alleging he stole nearly
$700,000.

          Appellant pled guilty to a first-degree
felony. Following the plea, his attorney, Paul Nugent, withdrew his
representation. The court appointed appellant new counsel, Tommy LeFon. At no
point did LaFon move to withdraw the guilty plea.

          On August 28,
2008, the trial court conducted a Presentence Investigation [PSI] Hearing. The
State presented the testimony and findings of its fraud examiner, who provided
a written summary of the misapplied funds based on interviews with the victims
and the business records seized from appellant. The summary showed the
appellant misapplied a total of $685,474 from the victims listed in the
indictment, $891,863 from other clients not included in the indictment, and that
$703,042 remained unpaid to various medical providers. The State submitted into
evidence three boxes of bank records that formed the basis of the State’s case.
Joe Arguello, one of the sixteen parties named in the indictment, testified
that his case had been settled for $175,000 without his knowledge. Arguello
only learned of the settlement when his new attorney contacted the defendant
insurance company in his negligence suit. The State’s summary also listed the
other named victims, the amount of the settlement negotiated for each by the
appellant, and the monies paid to the victims by the appellant, if any. 

          LaFon sought
to cast doubt on the State’s claim that the appellant misapplied $685,474,
arguing that the State should deduct the amount of money rightfully belonging
to the appellant, such as contingency fees. During cross, appellant elicited
evidence that the State’s total may not have been exact in its final total, but
appellant did not present any business records or provide any additional
testimony establishing the proper amount. Appellant also elicited testimony
that the victims likely entered into a contingency fee arrangements with the
appellant. Finally, appellant submitted four exhibits into evidence,
collectively showing payments made to Arguello, totaling $2,750. Appellant
introduced no other financial documentation during the PSI Hearing. At the
conclusion of the hearing, the trial court found appellant guilty and assessed
punishment at 35 years’ confinement.

          Two weeks
later, appellant filed a notice of appeal and the trial court granted LaFon’s
motion to withdraw. On appeal, appellant argued that he was denied counsel
during a critical stage.  This Court
agreed, abated the appeal, and restarted the appellate timetable so that
appellant’s newly appointed counsel could pursue a motion for new trial.  See
Bearman v. State, No. 01-08-00787-CR,
2010 WL 724516, at *1–3 (Tex. App.—Houston [1st Dist.] March 4, 2010).  

On May 6, 2010, the court conducted a
hearing on the motion for new trial. During the hearing, appellant sought to
show that his sentence of 35 years’ confinement was improper because it was
based on a flawed determination of how much money appellant misapplied.
Appellant argued this number was inflated because his former trial counsel,
Nugent, failed to utilize an offset provided in section 32.02 of the Penal Code
for the portion of the money stolen in which appellant had a legal interest.  See Tex. Penal Code Ann. § 32.02(d)
(Vernon 2003). Appellant
argued this error constituted ineffective assistance of counsel and, as a
result, his plea was involuntary. Bearman,
2010 WL 724516, at *3.

          In support of
this, appellant offered the testimony of Tommy Lafon, the appellant’s counsel
during the PSI hearing, and Sherry Beats, appellant’s office manager. Lafon
testified that appellant seemed unaware of the provisions of section 32.02, and
never gave any indication that Nugent discussed the provisions with appellant.
Lafon also testified that in his legal opinion, under section 32.02, the
victims had no legal right to the contingency fee, court costs, administrative
costs, medical expenses, or any other deductions permitted under the
attorney-client agreements. However, Lafon admitted that even after appellant
was made aware of section 32.02, appellant never expressed a desire to withdraw
his plea even though the two discussed withdrawing the plea.

          Beats also testified
about Appellant’s legal interest in the settlement monies. She stated the
firm’s clients typically entered into a contingency fee agreement, ranging from
one-third of recovered funds if the case doesn’t go to trial, to 40% if it
does. Part of the arrangement included a promise by the appellant to pay the
client’s medical expenses, which would be deducted from any final recovery. In
the case of no recovery, the costs would be borne by the appellant. Appellant
submitted his own summary of the misapplied funds, arguing the true total was
$168,114. 

          The trial
court denied the motion for a new trial. 

INVOLUNTARY PLEA

Appellant
argues, in both points of error, that he involuntarily pleaded guilty to misapplication of fiduciary property with a total value
over $200,000, which is a first degree felony, see Tex. Penal Code Ann. §
32.45(c)(7) (Vernon Supp. 2009), because the actual legal value
of the property was $168,114 based on his legal interest in a portion of these
funds. Appellant alleges that had he known he was actually guilty of a lesser
degree felony, he would not have pleaded guilty to the charged offense.  Appellant’s argument is based on section 32.02(d)
of the Penal Code, which provides:

If the actor
proves by a preponderance of the evidence that he gave consideration for or had
a legal interest in the property or service stolen, the amount of the
consideration or the value of the interest so proven shall be deducted from the
value of the property or serviced ascertained . . . to determine value for
purposes of this chapter.

Tex. Penal Code Ann. §  32.02(d) (Vernon 2003).

 

Section 32.02(d) is an
affirmative defense. See Garza v. State,
No.01-08-00529-CR, 2010 WL 1241050, at *4 (Tex. App.—Houston [1st Dist.] Mar.
25, 2010, pet. ref’d) (holding identical provision of theft statute to be
affirmative defense). To meet this burden, a defendant must prove by a
preponderance of the evidence that a legal interest exists in the misapplied
funds, and also present evidence of the value of the legal interest. Tenorio v. State, 299 S.W.3d 461, 462
(Tex. App.—Amarillo 2009, pet. ref’d).  

A. Standard of Review

          A plea is not
knowingly and voluntarily entered if it is made as a result of ineffective
assistance of counsel. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim.
App. 1980). The trial court must set aside an involuntary plea and the trial
court reversibly errs when it fails to do so. Boykin v. Alabama, 395
U.S. 238, 244 (1969); Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim.
App. 1975). When a defendant challenges the voluntariness of a plea entered
upon the advice of ineffective counsel, the voluntariness of the plea depends
on (1) whether counsel’s advice was within the range of competence demanded of
attorneys in criminal cases and, if not, (2) whether there is a reasonable probability
that, but for counsel’s errors, he would have pleaded “not guilty” and insisted
on going to trial. Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App.
1997) (citing Hill v. Lockhart, 474 U.S. 52, 59, 100 S. Ct. 366, 370
(1985); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); McMann v. Richardson, 397 U.S. 759, 770–71, 90 S. Ct. 1441,
1448–49 (1970)). “[W]here the alleged error of counsel is a failure to
advise the defendant of a potential affirmative defense to the crime charged,
the resolution of the ‘prejudice’
inquiry will depend largely on whether the affirmative defense likely would
have succeeded at trial.” Hill, 474
U.S. at 59, see also Ex parte Imoudou,
284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Not every failure to inform a
defendant of a defense theoretically available to him constitutes ineffective
assistance of counsel, nor can every such failure make a defendant’s plea
involuntary.  Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984).

          There
is a strong presumption that counsel’s conduct falls within a wide range of
reasonable representation. See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005). As with other types of
ineffective-assistance-of-counsel claims, the appellant has the burden to show
by a preponderance of the evidence that counsel’s performance fell below a
reasonable standard of competence. See Ex parte Moody, 991 S.W.2d 856,
858 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999).

B. Analysis

           Appellant argues that his defense counsel at the
plea hearing was ineffective because he allowed appellant to plead guilty to
the charged offense without informing appellant of or presenting evidence of the
affirmative defense provided by the offset provision of § 32.02(d) to lower the
charged offense to a second- degree felony. 
Instead, appellant argues that his counsel chose only to use the offset
to mitigate the amount of restitution appellant was ordered to pay.

In Gibbs v. State, No.
14-03-00934-CR, 2004 WL 2222927, at *2 (Tex. App.—Houston [14th Dist.] Oct. 5,
2004, pet ref’d), the defendant argued that his trial counsel was ineffective
for not asserting an involuntary intoxication affirmative defense, and instead
using the evidence of involuntary intoxication in mitigation of punishment.   The Fourteenth Court of appeals failed to
find such action ineffective, stating:

[H]is decision to submit [an affirmative defense] solely in
mitigation may have been a strategic move based on an assessment of the quality
of evidence. For example, [counsel] may have decided, given appellant’s
inconsistent statements, that appellant had a better chance of getting a
lenient sentence if he confessed and pleaded guilty than if he pursued an [affirmative]
defense.

 

Id. 

The same is true in this case.  Counsel could have strategically determined
that the evidence necessary to establish an offset reducing the amount to below
$200,000 would have been highly contested, with the issue not necessarily being
resolved in appellant’s favor.[1]  Additionally, there was evidence at the
punishment hearing that appellant misapplied over $800,000 from victims not
alleged in the indictments.  Counsel
could have strategically decided that it would be in appellant’s best interest
to plead to the charged offense and seek leniency rather than take the risk
that the State would amend the indictment to include the extraneous offenses if
appellant insisted on going to trial.  Because
the decision to plead guilty rather than pursue the affirmative defense could
have been sound trial strategy, appellant has failed to meet the first prong of
the Hill/Morrow test.  See Hill,
474 U.S. at 59; Morrow, 952 S.W.2d at 536.

Appellant also fails to show that there is a reasonable probability
that, but for counsel’s errors, he would have pleaded “not guilty” and insisted
on going to trial.  See Morrow, 952 S.W.2d 536.  During the motion for new trial hearing,
Tommy LaFon, appellant’s counsel at the PSI hearing, testified that even after
appellant was made aware of the existence of the section 32.02 affirmative
defense, he never said that he would not have pleaded guilty had he known about
the defense earlier.  LaFon testified
that even though he and appellant discussed withdrawing the plea, appellant
never asked the trial court to do so. 
Appellant never testified that he would have insisted on a trial had he
known of the affirmative defense before he pleaded guilty.  

Because appellant failed to meet either prong of the Hill/Morrow test, we overrule points of
error one and two. See Hill, 474 U.S.
at 59; Morrow, 952 S.W.2d at 536.

CONCLUSION

We affirm the trial court’s judgment.

 

                                                                   

 

Sherry Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices Bland
and Wilson.[2]

Do not publish. 
 Tex. R. App. P. 47.2(b).

 











[1]           For example, appellant claims a reduction
for the medical expenses of his clients. 
However, several of his clients claimed that they were being pursued for
unpaid medical fees.





[2]           The Honorable Randy Wilson, judge of
the 157th district court of Harris County, Texas, participating by assignment.