**Order issued October 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00659-CR

_____

**JASON CLIFFORD CONWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1424502**

---

## MEMORANDUM ORDER

Appellant, Jason Clifford Conway, has filed a "Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and For Permission to File Out of Time Motion for New Trial," arguing that he was deprived of counsel during the 30-day period for filing a motion for new trial, that the deprivation of counsel

caused him harm, and that the case should therefore be abated to the trial court so that he can file a motion for new trial. We grant the motion and remand the case for additional proceedings.

The time for filing a motion for new trial is a critical stage of the proceedings in a criminal case, and a defendant has a constitutional right to counsel during that period. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). There is, however, a rebuttable presumption, in cases where a defendant is represented by counsel during trial, that counsel continued to adequately represent the defendant during this critical stage. *Id.* Further, "[e]ven when a defendant can rebut this presumption with evidence that he was deprived of adequate counsel during this critical stage, this deprivation of counsel is subject to a harmless error or prejudice analysis." *Id.* But, if the appellant asserts on appeal a "facially plausible claim" that could have been alleged in a motion for new trial, the deprivation of counsel is not harmless beyond a reasonable doubt. *See Rogers v. State*, No. 14-09-00665-CR, 2011 WL 7290492, at *3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2011, no pet.); *Bearman v. State*, 425 S.W.3d 328, 331 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Here, Conway pleaded guilty to the felony offense of assault with dating violence on April 30, 2014. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West Supp. 2014). The trial court held a presentence investigation hearing on

2

July 24, 2014, after which the trial court sentenced Conway to 10 years' imprisonment.

On July 27, 2014, Conway filed a pro se notice of appeal. On August 14, 2014—eleven days before the deadline for filing a motion for new trial—Conway filed a pauper's oath on appeal and the trial court appointed appellate counsel, Maite Sample, to represent him on appeal. *See* TEX. R. APP. P. 21.4.

Conway filed his motion to abate on September 10, 2014. In his motion, Conway argues that his appellate counsel, once appointed, attempted to obtain the appellate record from the trial court clerk, but was unable to do so because the record was "in 'imaging' with the clerk's office." Conway further argues that "there was inadequate time for Appellant and [appointed counsel] to review potential issues for presentation in a motion for new trial" after counsel was appointed. Conway has therefore rebutted the presumption that he was adequately represented and has demonstrated that he was deprived of counsel during the 30-day time period for filing a motion for new trial. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007).

Conway further argues in his motion that his plea was involuntary, because "his trial counsel gave him incorrect information about the procedure in a PSIH in order to convince him to plead guilty," "his trial counsel withheld information about the availability of a State's witness that he believed was of great

3

importance," and "he felt pressured and coerced by his trial counsel as well as the trial court to plead guilty." Conway asserts that, had counsel not provided him incorrect information or withheld information from him, he would not have pleaded guilty.

"A plea of guilty based on misinformation is involuntary."[1] *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *see Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (quoting *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997)). Therefore, Conway's claim that trial counsel gave him incorrect information in order to convince him to plead guilty "is a reasonable ground to be alleged in a motion for new trial and, if true, would render appellant's plea involuntary." *Rogers*, 2011 WL 7290492, at *3; *see Bearman*, 425 S.W.3d at 331; *Rivera v. State*, 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.).

Accordingly, we grant Conway's motion, abate this appeal, and restart the appellate timetable from the date of this order. *See* TEX. R. APP. P. 43.6, 44.4; *Bearman*, 425 .W.3d at 332; *Radcliff v. State*, 126, S.W.3d 534, 536 (Tex. App.—Houston [1st Dist.] 2003, order). This appeal is abated, treated as a closed case,

---

[1] Although a defendant's claim that he was misinformed by counsel, standing alone, is insufficient for us to hold that his plea was involuntary, he is entitled to file a motion for new trial to attempt to procure the necessary confirmation of his claim. *See, e.g.*, *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

and removed from this Court's active docket.  If the trial court grants the motion for new trial, this appeal will be dismissed.  If the trial court overrules the motion for new trial, the appeal will be reinstated on this Court's active docket.

It is so ORDERED.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish.  TEX. R. APP. P. 47.2(b).