PD-0480-15

PD-0480-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/30/2015 1:46:05 PM
Accepted 5/1/2015 10:39:45 AM
ABEL ACOSTA
CLERK

PD _____

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

_____

JOSHUA LONDON,
*Appellant*,

v.

THE STATE OF TEXAS,
*Appellee*.

_____

On Petition for Discretionary Review from the
First Court of Appeals in No. 01-13-00441-CR
affirming the conviction in cause number 1367861,
From the 230th District Court of Harris County, Texas

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

ORAL ARGUMENT NOT REQUESTED

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**JANI MASELLI WOOD**
Assistant Public Defender
Harris County, Texas
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

Counsel for Appellant
January 25, 2015

FILED IN
COURT OF CRIMINAL APPEALS

May 1, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

Joshua London
TDCJ# 01856820
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

PRESIDING JUDGE:

Hon. Brad Hart, Presiding Judge
Hon. Jim Anderson, Visiting Judge
230th District Court
Harris County, Texas
1201 Franklin, 16th floor
Houston, Texas 77002

TRIAL PROSECUTOR:
APPELLATE PROSECUTOR:

Mr. Chris Morton
Mr. Eric Kugler
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:

Mr. Charles A. Brown, Jr.
708 Main Street, Suite 7
Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:

Jani Maselli Wood
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

**PAGE**

Identity of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ground for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

> The Court of Appeals determined that the constitutional challenge to
> the Sheriff's fees could not be raised for the first time on appeal.  The
> basis for the challenge was not available to Mr. London until 19 days
> after the judgment was signed.  Did the Court of Appeals err in refusing
> to consider a challenge that was only available post-trial, in derogation
> of *Landers v. State*?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reason for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

> The Court of Appeals held error was waived. . . . . . . . . . . . . . . . . . . . . . . 8
> The error was preserved based upon precedent from this Court.. . . . . . . . 8
> No objection was necessary in the trial court.. . . . . . . . . . . . . . . . . . . . . . 9

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

INDEX OF AUTHORITIES

PAGE

**Cases**:

*Cardenas v. State*,
     423 S.W.3d 396 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. State*,
     423 S.W.3d 385 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Landers v. State*,
     402 S.W.3d 252 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

*London v. State*,
     01-13-00441-CR, 2015 WL 1778583
     (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet. h.). . . . . . . . . . . . . 7

**Statutes and Rules**:

TEX. CODE CRIM. PROC. ART. 102.011(A)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

TEX. R. APP. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

STATEMENT OF THE CASE

This is an appeal from a conviction for possession of cocaine 1-4 grams. (C.R. at 77). Mr. London pleaded guilty without an agreed recommendation. (C.R. at 66). The judgment reflects he pleaded true to two enhancement paragraphs. (C.R. at 77). The court reporter was waived for the plea as well as for the sentencing. (C.R. at 106). The trial court sentenced Mr. London to 25 years imprisonment. (C.R. at 77). The trial court did not originally certify Mr. London's right to appeal. (C.R. at 94). Mr. London timely filed a notice of appeal. (C.R. at 81). After the case was abated, the trial court provided a new certification giving Mr. London permission to appeal. (Supp. C.R. at 5).

STATEMENT OF THE PROCEDURAL HISTORY

In an unpublished opinion, the First Court of Appeals affirmed Mr. London's conviction. *London v. State*, 01-13-00441-CR, 2015 WL 1778583 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet. h.). No motion for rehearing was filed. This petition is timely if filed on or before May 16, 2015.

GROUND FOR REVIEW

The Court of Appeals determined that the constitutional challenge to the Sheriff's fees could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. London until 19 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*?

REASON FOR REVIEW

The First Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. TEX. R. APP. P. 66.3(c).

STATEMENT OF FACTS RELATIVE TO GROUND RAISED

Mr. London was ordered to pay court costs totaling $329 including a $35 "Summoning Witness/Mileage" cost. (C.R. at 80). The cost bill was prepared nineteen days after the judgment was filed. (C.R. at 77-80). There is no record this cost bill was ever sent to Mr. London or his attorney. The record and cost bill are silent as to whether the $35 fee was for the State's subpoenas or the defense subpoenas.

The Code of Criminal Procedure mandates the following fee:

(A) A defendant convicted of a felony or a misdemeanor **shall** pay the following fees for services performed in the case by a peace officer:

(3) $5 for summoning a witness.

TEX. CODE CRIM. PROC. ART. 102.011(A)(3)(emphasis supplied).

"Summoning Witness/Mileage" cost is one of a number of costs that courts order defendants to pay upon conviction of a crime. Mr. London challenged this fee as unconstitutional as-applied to him because he is indigent.

**The Court of Appeals held error was waived**.

The Court of Appeals refused to consider this challenge, holding the error was waived because it was not raised in the trial court:

> London argues, with little more explanation, that article 102.011(a)(3) is unconstitutional as applied to him because he is indigent. London did not raise this complaint in the trial court. A defendant may not raise for the first time on appeal an as-applied challenge to constitutionality of a statute. *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App.1995). However, he argues that under *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App.2014), error preservation is not required in this circumstance. In *Johnson*, the Court of Criminal Appeals held that a challenge to the factual basis for assessment of statutory court costs could be raised for the first time on appeal. *Id.* at 390. The Court did not address whether a challenge to the constitutionality of the underlying statute could be raised for the first time on appeal, and it did not overrule *Curry*. *See id.* Because London did not raise his as-applied constitutional challenges in the trial court, we hold that this issue is waived, and we overrule it.

*London v. State*, 2015 WL 1778583, at *4.

**The error was preserved based upon precedent from this Court**.

This Court explained that challenges to court costs can be raised for the first time on appeal and "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court

-8-

costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). In a companion case decided the same day, *Johnson v. State*, the Court further explained that because the cost bill is most likely unavailable at the time of the judgment, an "Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal." *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

**No objection was necessary in the trial court**.

This case is similar to *Landers v. State* where this Court explained that challenging the court cost for an attorney *pro tem* could be raised for the first time on appeal, holding:

> Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

*Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013). In *Landers*, the cost bill was available six days after the judgment and this Court explained:

> No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

*Landers,* 402 S.W.3d at 255. This Court went on to declare that Landers was not required to object in a motion for new trial because there was no notice the cost bill had ever been created and it would "allow a judge to de facto alter the statutory time frame for motions for new trial." *Landers*, 402 S.W.3d at 255.

The cost bill in this case was created on May 22, 2013, which was 19 days after the judgment was entered on May 3, 2013. (C.R. 77-80). This Court has held that Mr. London was not required to file a motion for new trial in order to preserve his challenge. The Court of Appeals erred in determining this issue was unpreserved.

## PRAYER FOR RELIEF

For the reasons states above, Mr. London prays that this Court grant his petition and remand to the Court of Appeals for consideration of the merits of Mr. London's challenge to the $35 Sheriff's fee.

Respectfully submitted,

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD
Assistant Public Defender
Harris County, Texas
Jani.Maselli@pdo.hctx.net
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

Attorney for Appellant
Joshua London

CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. Proc. 9.5, this certifies that on April 30, 2015, a copy of the foregoing was emailed to Lisa McMinn, State Prosecuting Attorney, and the Harris County District Attorney's Office through texfile.com at the following address:

Eric Kugler
Assistant District Attorney
1201 Franklin Street, 6th Floor
Houston, TX 77002
kugler_eric@dao.hctx.net

Lisa McMinn
Lisa.McMinn@SPA.texas.gov

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

## CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this petition complies with the type-volume limitations of TEX. R. APP. PROC. 9.4(I)(2)(D).

1.      Exclusive of the portions exempted by TEX. R. APP. PROC. 9.4 (I)(1), this petition contains 1128 words printed in a proportionally spaced typeface.

2.      This petition is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 14 point font in footnotes produced by Corel WordPerfect software.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

## Appendix A

Opinion *London v. State*

2015 WL 1778583
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).

Court of Appeals of Texas,
Houston (1st Dist.

Joshua London, Appellant
v.
The State of Texas, Appellee
NO. 01–13–00441–CR | Opinion issued April 16, 2015

On Appeal from the 230th District Court, Harris County, Texas, Trial Court Case No. 1367861

**Attorneys and Law Firms**

Jani J. Wood, for Joshua London.

Alan Curry, Eric Kugler, Devon Anderson, for The State of Texas.
Panel consists of Justices Jennings, Massengale, and Brown.

**MEMORANDUM OPINION**

Michael Massengale, Justice

**\*1** Appellant Joshua London pleaded guilty to possession of a controlled substance (cocaine) in an amount between one and four grams, without an agreed recommendation as to punishment. *See* Tex. Health & Safety Code §§ 481.102(3)(D), 481.112(c). London elected sentencing by the trial court, and he pleaded true to enhancement allegations that he was previously convicted of the felony offenses of "bail jumping" and "evading." The trial court sentenced London to 25 years in prison and signed an order to withdraw funds from his inmate trust account for the purpose of paying his court costs. *See* Tex. Penal Code §§ 12.32, 12.33, 12.42(b). London filed a pro se notice of appeal, along with motions for bail and to withdraw his guilty plea. on appeal, London argues that he was not adequately represented during a critical stage of the proceedings, the motion for new trial stage. He also argues that the statutory sheriff's witness fees are unconstitutional as applied to him.

London did not rebut the presumption of representation, and he waived his as-applied constitutional challenge by failing to raise it in the trial court. We affirm.

**Background**

Two days after London's arrest for possession of a controlled substance, the trial court found that he was unable to afford an attorney and appointed counsel to represent him. London initially pleaded not guilty, but after a jury was impaneled he changed his plea to guilty, without an agreed recommendation as to punishment. The trial court found him guilty and assessed punishment at 25 years in prison. That same day, London's attorney submitted a fee voucher for payment.

Twelve days after the trial court's judgment, London filed a pro se notice of appeal and a motion to withdraw his guilty plea. His notice of appeal was a handwritten document in which he made general allegations about his counsel's deficient performance and the fairness of the sentence imposed by the court. The record also includes a form notice of appeal, but it was not signed by either London or his trial counsel. The preprinted form includes check boxes to indicate whether the "undersigned attorney" "moves to withdraw" or will continue to represent the defendant on appeal. The box for "moves to withdraw" was checked, but the lines provided for an attorney's signature and contact information are blank. Similarly, three boxes were checked indicating that London was indigent, wished to have a court-appointed attorney and a free copy of the record, and requested bail. On the line provided for the defendant's signature, the words "in custody" were written by hand.

London's motion to withdraw his guilty plea alleged that his counsel was deficient because he failed to take "affirmative actions to preserve and protect" his "valuable rights," review

the case with him outside of court proceedings, object to prosecutorial actions, and introduce evidence and testimony on his behalf. London also alleged that "[t]here appeared to be personal bias and/or prejudice against" him, there was a reasonable probability that the result of the trial would have been different but for his counsel's errors, he "was never able to work with, assist, or even place his trust with counsel," and his counsel "demeaned" him. Finally, he stated that his guilty plea was not intelligent and voluntary because highly prejudicial prior convictions were improperly used against him and the court "failed to take steps to assure [him] a fair opportunity to present [a] defense." The motion was not verified or accompanied by an affidavit or sworn statement setting forth a factual basis to support his motion. The record does not include a ruling on the motion to withdraw the guilty plea, nor does it include a motion to withdraw from representation signed by trial counsel.

**\*2** This court abated the appeal to allow the trial court to correct an error in the certification of London's right to appeal. Approximately three months after London filed the motion to withdraw his guilty plea and a notice of appeal, the trial court held an abatement hearing. London and his trial counsel appeared at the hearing. London confirmed that he wished to pursue his appeal. During an exchange between London's counsel and the court pertaining to the certification of the right to appeal, the attorney stated, "I've told my client they'll appoint an attorney for him." The trial court appointed appellate counsel and certified the right to appeal, and we reinstated the appeal.

### Analysis

London raises two issues on appeal. He argues that he was not represented during the motion for new trial stage, a critical stage of the proceedings. He further contends that the statutory witness fee, as applied to him, violated his rights to confrontation and compulsory process.

### I. Adequacy of representation during motion for new trial stage

London argues that he was unrepresented during the 30–day period after entry of judgment during which he could have filed a motion for new trial. To support this contention, he relies on the following facts: (1) his attorney submitted a voucher for payment on the day of the trial court's judgment, (2) he filed his own notice of appeal and motion to withdraw his guilty plea, and (3) an unsigned motion to withdraw dated 19 days after the trial court's judgment appears in the record.

A motion for new trial must be filed no later than 30 days after a trial court "imposes or suspends sentence in open court." Tex. R. App. P. 21.4(a). This is "a critical stage of the proceedings" during which a defendant "has a constitutional right to counsel." Cooks v. State, 240 S.W.3d 906, 911 (Tex.Crim.App.2007). When a defendant is represented by counsel during a trial, there is "a rebuttable presumption that this counsel continued to adequately represent the defendant during this critical stage." Id. "The rebuttable presumption of adequate representation arises, in part, because appointed counsel remains as the defendant's counsel for all purposes until expressly permitted to withdraw, even if the appointment is for trial only." Smallwood v. State, 296 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2009, no pet.); see Tex. Code Crim. Proc. art. 26.04(j)(2) ("An attorney appointed under this subsection shall ... represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record.").

The appellant has the burden to produce evidence to rebut the presumption of continued adequate representation. Green v. State, 264 S.W.3d 63, 69 (Tex.App.—Houston [1st Dist.] 2007, pet. ref'd). A pro se filing, without more, is insufficient to rebut the presumption of representation because rather than conclusively establishing a lack of representation, it raises the issue of hybrid representation. Id. at 70. To rebut the presumption of continued adequate representation, the appellant must produce evidence that his attorney did not advise him about the potential merits of a motion for new trial or about his appellate rights. See Oldham v. State, 977 S.W.2d 354, 363 (Tex.Crim.App.1998). An appellant's pro se filing of a notice of appeal, which shows he had knowledge of the appellate process and deadlines, has been held to support a presumption that his counsel informed him of his rights. See Bearman v. State, 425 S.W.3d 328, 330 (Tex.App.—Houston [1st Dist.] 2010, pet. ref'd).

**\*3** In addition, an appellant who does successfully rebut the presumption of representation during the motion for new trial period must show that he was harmed. Cooks, 240 S.W.3d at 911. In a motion for new trial a defendant may raise matters not determinable from the record and establish grounds upon which he may be entitled to relief. See Hobbs v. State, 298 S.W.3d 193, 199 (Tex.Crim.App.2009). For example, a defendant could argue in a motion for new trial that his guilty plea was involuntary based on erroneous information conveyed by his counsel. See Starz v. State, 309 S.W.3d 110, 118 (Tex.App.—Houston [1st Dist.] 2009, pet. ref'd). An appellant also can demonstrate harm from the lack of adequate representation during the motion for new trial stage

by showing that he has a "facially plausible" claim that could have been raised in a motion for new trial. *See Cooks,* 240 S.W.3d at 911–12.

Conversely, a conclusory allegation that trial counsel failed to call or subpoena witnesses or conduct an investigation—without setting forth what exculpatory facts would have been elicited or determined—is not sufficient to raise a facially plausible claim of ineffective assistance of counsel. *See Cooks,* 240 S.W.3d at 912; *Bearman,* 425 S.W.3d at 331; *Ex parte Ramirez,* 280 S.W.3d 848, 853 (Tex.Crim.App.2007) (per curiam) (defendant challenging trial counsel's failure to call a particular witness must show that witness was available to testify and testimony would have benefited him); *Stokes v. State,* 298 S.W.3d 428, 432 (Tex.App.—Houston [14th Dist.] 2009, pet. ref'd) (defendant challenging trial counsel's failure to investigate must show "what the investigation would have revealed that reasonably could have changed the result of the case").

In this case, London was represented by appointed counsel at trial. The record does not conclusively demonstrate that his counsel moved to withdraw from representation. The only motion to withdraw appearing in the record was not signed by London, his trial counsel, or the trial court judge. The Code of Criminal Procedure requires pleadings and motions filed on behalf of a defendant to be signed. *See* Tex. Code Crim. Proc. art. 1.052. London argues that if the unsigned motion "has any meaning" then he "was definitely denied counsel for 11 days of the 30 day motion period." We decline to impute to London's counsel an unsigned form notice of appeal signifying a motion to withdraw. *Cf. id.* art. 1.052. Even if the form was checked and filed by the attorney, the record does not indicate that a motion to withdraw was granted.

London argues that his trial counsel's submission of a fee payment voucher shows that he was unrepresented during the motion for new trial stage. Although the voucher itself does not appear in the record, the docket sheet indicates that London's counsel submitted a request for payment on the date that judgment was rendered. Submission of a voucher for payment of fees is not one of the ways the Code of Criminal Procedure provides for terminating representation when an attorney is appointed by the court to represent an indigent defendant. *See id.* art. 26.04(j)(2). This fact alone does not demonstrate that London's counsel stopped representing him at that time, especially in light of the record which does not show that London's counsel was expressly permitted to withdraw prior to the abatement hearing. *See Smallwood,* 296 S.W.3d at 734. London's trial counsel appeared at the abatement hearing and told the court that he had informed his "client" that he would be appointed new counsel for appeal. This leads to a reasonable conclusion that at the time of the abatement hearing, London's trial counsel considered him to

be a client and had continued to give him legal advice. Neither the attorney fee voucher nor the unsigned motion to withdraw rebut the presumption that London was represented during the motion for new trial stage. *See Oldham,* 977 S.W.2d at 363.

**\*4** London also argues that his pro se notice of appeal and motion to withdraw his guilty plea show that he was unrepresented. He urges us to follow *Prudhomme v. State,* 28 S.W.3d 114 (Tex.App.—Texarkana 2000, no pet.), abate his appeal, and remand the case for the filing of a motion for new trial. This is problematic for two reasons. First, in *Prudhomme,* the Texarkana court of appeals held that a defendant's pro se motion to withdraw his guilty plea was effectively a pro se motion for new trial, the filing of which rebutted the presumption that he was adequately counseled about his appellate rights. *See Prudhomme,* 28 S.W.3d at 120. In *Green v. State,* 264 S.W.3d 63 (Tex.App.—Houston [1st Dist] 2007, pet. ref'd), this court rejected *Prudhomme* 's holding that a pro se motion for new trial rebuts the presumption of continued representation by trial counsel because a "pro se filing, without more, raises the issue of hybrid representation, not a lack of representation." *Green,* 264 S.W.3d at 70.

The second problematic aspect of London's argument is that his case is factually distinguishable from *Prudhomme,* in which the pro se motion for new trial set forth a factual basis for the defendant's claim of ineffective assistance of counsel. *Prudhomme,* 28 S.W.3d at 120–21. Prudhomme argued that he would not have pleaded guilty but for his counsel's erroneous advice that he would be given a probated sentence, a circumstance that the court of appeals labeled "a facially plausible claim that his guilty plea was involuntary." *Id.* Conversely, London has not asserted a facially plausible claim that should have been raised in a motion for new trial. London's pro se motion to withdraw his guilty plea consists of conclusory, general assertions that amount to allegations of failure to investigate and proffer evidence on his behalf. His motion does not set forth any factual basis for these allegations: he does not point out any potentially exculpatory evidence or identify any witnesses who could have testified on his behalf and summarize what would have been the substance of their testimony. London's conclusory allegations are not sufficient to raise a facially plausible claim of ineffective assistance of counsel.*See Cooks,* 240 S.W.3d at 911–12 (holding that deprivation of counsel during motion for new trial stage was "harmless beyond a reasonable doubt" because defendant did not raise a facially plausible claim of ineffective assistance of counsel); *Bearman,* 425 S.W.3d at 331.

Though London's pro se filings may raise an issue of hybrid representation, they also demonstrate that London had some

knowledge of his appellate rights and support a presumption that his trial counsel advised him about the appellate timeline. *See Bearman,* 425 S.W.3d at 330; *Green,* 264 S.W.3d at 70. We conclude that London's motion to withdraw his guilty plea does not rebut the presumption that he was represented during the motion for new trial stage, and we overrule his first issue.

## II. As-applied challenge to statutory fees

In his second issue, London argues that, as applied to him, the assessment of $35 in statutory witness fees violated the Confrontation Clause and the right to compulsory process. Article 102.011 of the Code of Criminal Procedure sets forth statutory fees for services performed by a peace officer which are to be paid by a defendant convicted of a felony or misdemeanor. Tex. Code Crim. Proc. art. 102.011. Among other things, it imposes a fee of $5 for summoning a witness. *Id.* art. 102.011(a)(3). This provision assesses $5 each time a witness is summoned. *See Ramirez v. State,* 410 S.W.3d 359, 366 (finding $100 fee for summoning witnesses was supported by sufficient evidence when record showed that it was incurred 20 times).

A criminal defendant has the right to be confronted with the witnesses against him and the right to compulsory process for obtaining witnesses in his favor. U.S. Const., amends. VI & XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.05. London argues, with little more explanation, that article 102.011(a)(3) is unconstitutional as applied to him because he is indigent. London did not raise this complaint in the trial court. A defendant may not raise for the first time on appeal an as-applied challenge to constitutionality of a statute. *Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App.1995). However, he argues that under *Johnson v. State,* 423 S.W.3d 385 (Tex.Crim.App.2014), error preservation is not required in this circumstance. In *Johnson,* the Court of Criminal Appeals held that a challenge to the factual basis for assessment of statutory court costs could be raised for the first time on appeal. *Id.* at 390. The Court did not address whether a challenge to the constitutionality of the underlying statute could be raised for the first time on appeal, and it did not overrule *Curry. See id.* Because London did not raise his as-applied constitutional challenges in the trial court, we hold that this issue is waived, and we overrule it.

## Conclusion

**\*5** We affirm the judgment of the trial court.

---

**End of Document**   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

-18-