

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00044-CR

**JESSE ORLANDO ESTRADA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2017-1685-C1

## MEMORANDUM OPINION

Jesse Estrada was convicted of the offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE § 46.04(a)(1). Estrada pled true to an enhancement allegation and was sentenced to 18 years in prison. Because error in the charge did not cause egregious harm, the request for abatement is denied, and his due process claims either presented nothing for review or were not preserved, the trial court's judgment is affirmed.

## BACKGROUND

Estrada had been previously convicted of murder. He pulled up to a street fight in progress. While pointing to his vehicle, Estrada instructed a family member, who was involved in the fight, to get the gun. The relative retrieved a shot gun from Estrada's vehicle and fired it toward a vehicle fleeing from the fight. The shot gun blast broke out the back window of the vehicle.

## PAROLE INSTRUCTION

In his first issue, Estrada asserts the trial court submitted the wrong parole instruction in the punishment charge, egregiously harming Estrada.

In reviewing a jury-charge issue, if error is found, the appellate court must analyze that error for harm. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If error was not preserved at trial by proper objection, a reversal will be granted only if the error presents egregious harm, meaning the defendant did not receive a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

The parties agree that the trial court was required to use the parole law instruction pursuant to article 37.07, section 4(c) of the Code of Criminal Procedure because Estrada was sentenced after September 1, 2019, the effective date of the statute. *See* TEX. CODE CRIM. PROC. art. 37.07, sec. 4(c). The trial court did not. Instead, the previous version of the article was used.

The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App.

2007). Jury-charge error stems from the denial of a defendant's right to have the trial court provide the jury with instructions correctly setting forth the "law applicable to the case." *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); TEX. CODE CRIM. PROC. art. 36.14. The trial judge is obligated to instruct on the law applicable to the case, as he is ultimately responsible for the accuracy of the jury charge and accompanying instructions. *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021); *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). When the charge is not accurate, the trial court errs. *See Bell*, 635 S.W.3d at 646.

In this case, because the trial court did not use the current instruction on parole law, the trial court erred. Having found error, we move on to the harm analysis. Estrada did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171.

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Hollander v. State*, 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). To obtain a reversal for jury-charge error, the defendant must have suffered actual harm and not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Substantively, the only differences between the instruction given on parole law and the required instruction are:

1.  The phrase, "time off the period of incarceration imposed," was changed to "early parole eligibility" so that the sentence reads, with the deleted text struck through and the added text underlined, "the defendant, if sentenced to a term of imprisonment, may earn early parole eligibility ~~time off the period of incarceration imposed~~ through the award of good conduct time;" and

2.  The sentence, "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole;" was removed in its entirety.

*See* Acts 2019, 86th Leg., ch. 260 (H.B. 1279), § 1, effective September 1, 2019 (current version at TEX. CODE CRIM. PROC. art. 37.07, sec. 4(c)). The rest of the instruction remained the same. In light of such close similarity, our review of "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole" does not show any likelihood of an appreciable difference in the outcome of the case due to the use of the incorrect instruction because it did not affect the very basis of the case, deprive Estrada of a valuable right, or vitally affect a defensive theory.[1] Accordingly, we do not find Estrada was egregiously harmed by the instruction given.

---

[1] Estrada's complaint about the State's argument at punishment where it calculated when Estrada could be given parole on a 20-year sentence is without merit since the formula is contained within the new, required instruction as well as the instruction given.

Having found no harm, Estrada's first issue is overruled.

**DENIAL OF COUNSEL — ABATEMENT**

In his second issue, Estrada complains he was deprived of counsel prior to the hearing on his motion for new trial because the State refused counsel access to its file. Estrada requests an abatement of this appeal, relying on the First Court of Appeals' opinion in *Bearman v. State*, 425 S.W.3d 328 (Tex. App.—Houston [1st Dist.] 2010, order). The opinion in *Bearman* does not support Estrada's complaint because in *Bearman*, the defendant showed that he was not represented by counsel during the time in which he could file a motion for new trial and that he was harmed by that gap in representation. *Id.*

Here, Estrada was represented by counsel during all but four days of the time in which to file a motion for new trial. Moreover, he did file such motion. Further, Estrada's complaint that the State would not allow access to its file, thus denying him an opportunity to evaluate and investigate claims to be raised in his motion for new trial is conclusory and not adequate to show sufficient harm to require abatement. *See Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007) (conclusory allegations do not establish "facially plausible claims" that could have been presented in a motion for new trial). Finally, Estrada has not cited any authority that he is, was, or would be entitled to access to the State's case file.

Accordingly, Estrada's request for an abatement of this appeal is denied, and his second issue is overruled.

**FALSE TESTIMONY**

In his third issue, Estrada contends the State's use of false testimony violated Estrada's due process rights. Estrada complains the State mischaracterized a witness's testimony through the use of its own witness, and the trial court erred in overruling Estrada's objection.

To support the defensive theory that Estrada did not have a gun in his vehicle and his relative could not have retrieved it and shot at another vehicle, on direct-examination, Estrada's witness and relative, Michael Lopez, testified that he "shot that back window" of an SUV the night before the street fight. Lopez explained that he "shot out the back window with a pellet gun and a 12-guage," and was "arrested" for that. On cross-examination, Lopez testified that he believed he was charged with criminal mischief, $2,500 to $30,000, for "busting out the back window," but when pressed, he did not know what he was charged with because "[t]hey charged me with a lot of stuff."

The State called Waco Police Detective Charles Conner to testify as to whether Lopez had been arrested for shooting out the vehicle's back window the night before the street fight.[2] Conner reviewed police records to verify whether or not Lopez had been arrested for what the State characterized as "this specific offense of—I guess, it would be, what, deadly conduct[,]" the night before the fight. Conner testified that the only violent crime, aggravated assault, he saw was a year prior to the street fight. When the State

---

[2] Lopez's testimony was confusing because the questions asked did not make clear whether they were about the sequence of when the shooting of the window occurred or his arrest in relation to the date of the fight.

asked Conner if Lopez had just committed perjury, Estrada objected, saying, "[h]e didn't say he was arrested prior to that time."

Estrada did not raise a due process complaint in his trial objection. Thus, his issue does not comport with the objection, presents nothing for review, and is overruled. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009*); Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). *See also Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (to preserve a complaint for review, the issue on appeal must also comport with the objection made at trial).

**MOTION FOR NEW TRIAL**

In his fourth and final issue, Estrada contends the trial court abused its discretion in denying Estrada's motion for new trial for the same reason expressed in Estrada's third issue: the State's use of false testimony violated Estrada's due process rights. Estrada's issue is not preserved.

For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The failure to object at trial may waive even constitutional errors. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citing TEX. R. APP. P. 33.1); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (waiver of federal constitutional due-process rights occurred by non-objection at trial). Further, a defendant may not raise a matter for the first time in a motion for new trial if he had the opportunity to raise it at trial. *Colone v. State*, 573 S.W.3d 249, 260 (Tex. Crim. App. 2019); *Yazdchi v. State*, 428

S.W.3d 831, 844-45 (Tex. Crim. App. 2014).  *See Buntion v. State*, 482 S.W.3d 58, 78 (Tex. Crim. App. 2016).  *See also State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). ("If the trial judge denies a motion for new trial, however, the defendant, as the losing party, must have preserved that same error before he may claim it as a basis for reversing the trial judge once he moves into the appellate court.").

Estrada could have asserted a due process complaint in the trial court when he objected during Detective Conner's testimony.  He did not.  Accordingly, Estrada's fourth issue is not preserved and is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed April 13, 2022
Do not publish
[CR25]

