PD-1123-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/17/2015 10:55:19 AM
Accepted 9/22/2015 11:36:57 AM
ABEL ACOSTA
CLERK

NO. PD-1123-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ON DISCRETIONARY REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT
OF TEXAS AT HOUSTON CAUSE NUMBER 01-14-00397-CR

Appealed from the 338th District Court of Harris County, Texas
Trial Court Cause No. 1421621

**PETITION FOR DISCRETIONARY REVIEW**

DOUGLAS M. DURHAM
State Bar No. 06278450
2800 Post Oak Blvd. Ste. 4100
Houston, Texas 77056
832-390-2252 Telephone
832-390-2350 Fax
email:durham.doug@yahoo.com

Attorney for Petitioner
ANA TRUJILLO

**ORAL ARGUMENT REQUESTED**

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS
## Tex. R. App. P. 68.4(a)

TABLE OF CONTENTS.................................................................................ii

IDENTITY OF PARTIES AND COUNSEL.................................................ii

INDEX OF AUTHORITIES...........................................................................iv

STATUTES AND RULES..............................................................................v

STATEMENT REGARDING ORAL ARGUMENT....................................vi

STATEMENT OF PROCEDURAL HISTORY............................................vii

STATEMENT OF THE CASE......................................................................1

QUESTION FOR REVIEW .........................................................................2

       WHETHER THE COURT OF APPEALS ERRED IN REJECTING *ANA TRUJILLO'S* INEFFECTIVE ASSISTANT CLAIM, WHERE A JURY MAY HAVE FOUND THAT FEAR OF DEATH IN HER MIND WAS REASONABLE, BASED ON THE VICTIM'S USE OF *FORCE AND VIOLENCE* AGAINST *HER*, IF THE JURY HAD BEEN TOLD ABOUT THE HISTORY OF SEXUAL ABUSE AND VIOLENCE AGAINST HER?

    A.    REASON FOR REVIEW RESTATED.................................................2

    B.    QUESTION FOR REVIEW RESTATED.........................................5

    C.    ARGUMENT AND AUTHORITY....................................................5

PRAYER.........................................................................................................9

CERTIFICATE OF SERVICE. ....................................................................10

 CERTIFICATE OF COMPLIANCE...........................................................11

APPENDIX....................................................................................................12

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX.R.APP.P. 68.4 (a), the following is a list of all interested parties in this cause:

1. ANA TRUJILLO- /Petitioner

2. JOHN CARROLL- Trial Counsel for Petitioner
   State Bar Number: 03888150
   1419 Franklin, Houston, Texas 77002

3. DOUGLAS M. DURHAM- Appellate Counsel for Petitioner
   State Bar Number: 06278450
   2800 Post Oak Blvd. Ste. 4100
   Houston, Texas 77056

4. BROCK THOMAS- Presiding Judge
   338th District Court of Harris County
   1201 Franklin
   Houston, Texas 77002

5. DEVON ANDERSON-District Attorney Harris County
   1201 Franklin Suite 600
   Houston, Texas 77002

6. John Jordan- Assistant DA -Lead Trial Counsel
   State Bar Number:24009489
   1201 Franklin Ste. 600
   Houston, Texas 77002

7. Alan Curry, Chief of Appellant Division
   Harris County DA's Office
   1201 Franklin, Ste. 600
   Houston, Texas

# INDEX OF AUTHORITIES

| **Cases** | **Page** |
|---|---|

*Cannon v. State*, 252 S.W.3d 342 (Tex. Crim. App. 2008).................................... 8

*Fielder v. State*, 756 S.W.2d 309, 321 (Tex. Crim. App. 1988) ............................. 10

*Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994) ..................................... 9

*Parson v. State*, 193 S.W.3d 116, 126 (Tex. App.--Texarkana 2006, pet. ref'd)...10

*Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)..............................8

*Turner v. State*, 49 S.W.2d 461 (Tex. App. - Fort Worth 2001). ............................... 8

## Statutes and Rules

Tex. R. App. P. 66.3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

Tex. R. App. P. 66.3(b). ................................................ 4

Tex. R. App. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . 2,4

Tex. R. App. P. 68.2(c). ................................................ 2

Tex. R. App. P. 68.4(a). ................................................ i

Tex. R. App. P. 68.4(c). ................................................ 1

Tex. R. App. P. 68.4(d). ................................................ 3

Tex. R. App. P. 68.4(e). ................................................ 4

Tex. R. App. P. 68.4(f). ................................................ 4

Tex. R. App. P. 68.4(g). ................................................ 2

Tex. R. App. P. 68.4(h). ................................................13

## STATEMENT REGARDING ORAL ARGUMENT
### Tex. R. App. P. 68.4(c)

As the questions for review present both factual as well as legal issues, appellant does believe oral argument would be helpful. Therefore, appellant requests oral argument.

# STATEMENT OF PROCEDURAL HISTORY
## Tex. R. App. P. 68.4(e)

The First Court of Appeals affirmed the judgment of the trial court in a memorandum opinion delivered July 28, 2015. *See* Appendix 1. No Motion for re-hearing was filed. A Motion for an extension of time to file this petition was timely filed on August 28, 2015. *See* Tex. R. App. P. 68.2.(c). The Court granted Petitioner's Motion for an Extension of time to file this petition and it is timely, if filed on or before September 28, 2014. *See* Tex. R. App. P. 68.2.(c).

# STATEMENT OF THE CASE
## Tex. R. App. P. 68.4(d)

A jury convicted Petitioner, *Ana Trujillo* of Murder and assessed her sentence at Life in Prison. [Appendix; *Trujillo v. State* at p. 1]. Petitioner did not testify during trial, however based on her video interrogation by police where she claimed self-defense, the jury was instructed on the law of self-defense. (CR-I; p. 729-732). During the guilt-innocence phase of trial, Petitioner's trial counsel failed to call expert (psychologist Julia Babcock) to testify. Julia Babcock's testimony would have added context to her self-defense claim and further described Petitioner's history of *prior sexual abuse* and *post traumatic stress syndrome. [Appendix; Trujillo v. State, at p. 12-14].* This testimony was relevant to the jury's determination regarding Stefan Andersson's use of force and violence, as viewed from the standpoint of *Ana Trjillo,* whether *"it reasonably appeared"* that *"her life or person was in danger"* and was there *"created in her mind a reasonable expectation or fear of death."* (CR-I; p. 729-731). Without the benefit of Julia Babcock's testimony, the jury rejected Petitioner's self-defense claim and found her guilty of murder. On Appeal, Petitioner argued her trial counsel rendered ineffective assistance of counsel by electing to save psychologist Julia Babcock's testimony to the punishment phase of trial as mitigating evidence in the context of sudden passion. [Appendix; Trujillo v. State, at p. 10 and p. 12]. The First Court of

1

Appeals found "Babcock's testimony is evidence that Trujillo's subjectively believed that she needed to use deadly force…" [Appendix; *Trujillo v. State* at p. 14]. The Court of Appeals then states: "…but it [Babcock's testimony] is not evidence that her [Ana Trujillo's] belief was objectively reasonable. Rather, Babcock testified that Trujillo suffered from 'impaired' judgment and 'overreacted' based on an abnormal 'aggressive stance.' [Appendix; *Trujillo v. State* at p. 14]. Therefore, the Court concludes that "Babcock's testimony would have undermined Trujillo's theory of self-defense by inviting the jury to conclude that Trujillo's mortal fear was the product of psychological trauma and would not have been shared by an ordinary and prudent person in the same circumstances." [Appendix; *Trujillo v. State* at p. 14]. The Court of Appeals concludes by inference, that even with Julia Babcock's testimony no jury would ever conclude that a women with a history of sexual abuse and trauma could ever subjectively feel in danger of death or serious bodily injury based on an aggressor's use of force and violence so as to reasonably be justified in using deadly force and therefore cannot show prejudice under the second prong of Strickland. [Appendix; *Trujillo v. State* at p. 16].

2

# QUESTION FOR REVIEW
## Tex. R. App. P. 68.4(f)

WHETHER THE COURT OF APPEALS ERRED IN REJECTING *ANA TRUJILLO'S* INEFFECTIVE ASSISTANT CLAIM, WHERE A JURY MAY HAVE FOUND THAT *ANA TRUJILLO'S* FEAR OF DEATH WAS REASONABLE IN HER MIND, BASED ON THE VICTIM'S USE OF *FORCE AND VIOLENCE,* IF THE JURY HAD HEARD CONTEXUAL EVIDENCE REGARDING PRIOR ACTS OF SEXUAL ABUSE AND VIOLENCE AGAINST HER?

## REASONS FOR REVIEW:
### Tex. R. App. P. 68.4(g)

The court of appeals' decision has decided an important question of State law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3 (b). The court of appeal's decision has decided an important question of State law, in a way that conflicts with an applicable decision of the Court of Criminal Appeals. Tex. R. App. P. 66.3 (c).

## QUESTION FOR REVIEW
### Tex. R. App. P. 68.4(f)


WHETHER THE COURT OF APPEALS ERRED IN REJECTING ANA TRUJILLO'S INEFFECTIVE ASSISTANT CLAIM, WHERE A JURY MAY HAVE FOUND THAT FEAR OF DEATH IN HER MIND WAS REASONABLE, BASED ON THE VICTIM'S USE OF FORCE AND VIOLENCE AGAINST HER, IF THE JURY HAD BEEN TOLD ABOUT THE HISTORY OF SEXUAL ABUSE AND VIOLENCE AGAINST HER?


## ARGUMENT AND AUTHORITY


This Court has made it clear, an ineffective-assistance claim may be brought for the first time on appeal. *Cannon v. State*, 252 S.W.3d 342 (Tex. Crim. App. 2008); [citing *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)]. Courts of Appeal are required to reverse on ineffective claims where the violation is firmly rooted in the record. Turner v. State, 49 S.W.2d 461 (Tex. App. - Fort Worth 2001); [citing Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App. 1994)]. Further, Texas Code of Criminal Procedure Article 38.36(b) provides that:

...(b) in a prosecution for murder, if a defendant raises as a defense a justification provided by Section 9.31, 9.32, or 9.33 Penal Code, the defendant, **in order to establish the defendant's reasonable belief** that use of force or deadly force was immediately necessary, shall be permitted to offer:...(2) **relevant expert testimony regarding the condition of the mind of the defendant at the time of the offense, including those relevant facts and circumstances relating to family violence that are the basis of the expert's opinion.** *Smith v. State*, 5 S.W.3d 673, 691 (Tex. Crim. App. 1999).

Here, the trial court correctly charged the jury as follows:

When a person is attacked with unlawful deadly force, or **she reasonably believes she is under attack or attempted attack with unlawful deadly force**, and there is **created in the mind of such person a reasonable expectation or fear of death or serious bodily injury**, then the law excuses or justifies such person in resorting to deadly force by any means at her command to the degree that **she reasonably believes immediately necessary**, viewed from her standpoint at the time, to protect herself from such attack or attempted attack. It is not necessary that there be an actual attack or attempted attack, as a person has a right to defend her life and person from apparent danger as fully and to the same extent as she would had the danger been real, provided that she acted upon a **reasonable apprehension of danger, as it appeared to her from her standpoint at the time**, and that she reasonably believed such deadly force was immediately necessary to protect herself against the other's person's use or attempted use of unlawful deadly force.

**In determining the existence of real or apparent danger, you should consider all of the facts and circumstances in evidence before you**, all relevant facts and circumstances surrounding the offense, if any, *the previous relationship between the defendant and Stefan Andersson, **together***

6

*with all relevant facts and circumstances going to show the condition of mind of the defendant at the time of the offense, and in considering such circumstances, you should place yourselves in the defendant's position at that time and view them from her standpoint alone.*

Therefore, if you find from the evidence beyond a reasonable doubt that the defendant, Ana Trujillo also known as Ana Fox, did cause the death of Stefan Andersson, by striking Stefan Andersson with a high heel shoe or blunt object; or did cause the death of Stefan Andersson impeding the breathing, of Stefan Andersson by applying pressure to the torso of Stefan Andersson; or did cause the death of Stefan Andersson impeding the breathing and circulation of the blood of Stefan Andersson by applying pressure to the neck of Stefan Andersson as alleged, **but you further find from the evidence, as viewed from the standpoint of the defendant at the time,** that from the words or conduct, or both of Stefan Andersson it reasonably appeared to the defendant that her life or person was in danger **and <u>there was created in her mind a reasonable expectation or fear of death</u>,** then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self defense on said occasion and under the circumstances then you should give the defendant the benefit of the doubt and say by your verdict not guilty. "(CR-I; p. 729-731).

In *Fielder v. State*, 756 S.W.2d 309, 321 (Tex. Crim. App. 1988), this Court found expert testimony on battered women relevant and helpful because it assisted lay persons in understanding the conduct of a woman who endures an abusive relationship. [See also *Parson v. State*, 193 S.W.3d 116, 126 (Tex. App.--Texarkana 2006, pet. ref'd);(holding trial court did not err in admitting expert opinion testimony on battered woman's syndrome)].

Here, it is evident the First Court of Appeals reasoning, in its opinion is flawed. The Court of Appeals found: "Babcock's testimony is evidence that Trujillo *subjectively*

7

believed that she needed to use deadly force—but it is not evidence that her belief was *objectively* reasonable. Rather, Babcock testified that Trujillo suffered from "impaired" judgment and "overreacted" based on an abnormal "aggressive stance." [Appendix; *Trujillo v. State* at p. 14]. The First Court of Appeals then concludes that because her judgment was impaired and that she overreacted based on an abnormal stance her conduct could never be viewed as *"reasonable"* and therefore under Strickland's second prong, there is no prejudice. The Court of Appeals opinion clearly misses the point. The jury did not hear *Julia Babcock's* testimony during the guilt innocence phase of the trial. They did not receive the assistance "as lay persons" of hearing from an expert and "understanding the conduct of a women who endures an abusive relationship." *Parson v. State*, supra. Julia Babcock's testimony demonstrated how *"Ana Trujillo's* perception was impaired" (due to her history of abuse) and "why" in her mind she reacted to Anderson's use of force and violence with deadly force. Whether her use of deadly force, as viewed from her stand point at the time and based upon Stefan Anderson's use of force and violence against her, was *reasonable* was a decision for the jury. Here, without the testimony of *Julia Babcock* the jury was deprived of critical "context evidence" that could have assisted them in weighing and assessing *"all relevant facts and circumstances* going to show the condition of mind of the defendant *at the time of the offense."* Without Babcock's testimony

8

the jury had no context by which to determine her subjective point of view other than the events of the evening. The testimony of Ms. Babcock would have given the jury another layer by which to view Appellant's subjective fear, due to her unique past and history of sexual abuse and violence. With this testimony, a jury may have found that due to her heightened sensitivity to the use of force and violence by Stefan Andersson against her, responding with deadly force was "reasonable" under the circumstances. The Court of Appeals conclusion that Petitioner was not harmed beyond a reasonable doubt, by omission of Julia Babcock's testimony is not supported by the record. Stated another way, there is a probability, having heard the testimony of Julia Babcock during the guilt innocence phase of trial, that the jury's verdict would have been different.

Accordingly, Petitioner prays this Court grant Petitioner's request for review.

Respectfully submitted,

/s/ *Douglas M. Durham*

DOUGLAS M. DURHAM
State Bar No. 06278450
2800 Post Oak Blvd. Ste. 4100
Houston, Texas 77056
832-390-2252 Telephone
832-390-2350 Fax
email:durham.doug@yahoo.com
Attorney for Petitioner
ANA TRUJILLO

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015 pursuant to Tex. R. App. P. 9.5 and

68.11 a copy of this Motion for Extension of time to file petition for discretionary

review was served on the following individuals e-mail:

Alan Curry
Harris County District Attorney's Office
Appellate Division
1201 Franklin, 5th Floor
Houston, Texas 77002


Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046, Austin, TX 78711


/s/ *Douglas M. Durham*
_____
DOUGLAS M. DURHAM

## CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Tex. R. of App. Pro. 9.4(i)(3), that the number of words in this Petition is less 4,500 words to wit: 2,665 words, in compliance with 9(i)(2)(d) on this the 17th day of September, 2015.

/s *Douglas M. Durham*
DOUGLAS M. DURHAM

11

APPENDIX

Opinion issued July 28, 2015



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00397-CR

---

**ANA TRUJILLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1421621**

---

## MEMORANDUM OPINION

A jury convicted Ana Trujillo of murder[1] and assessed punishment at life imprisonment. In three issues, she asserts that: (1) she was denied counsel during part of the time allotted to prepare and file a motion for new trial, (2) the trial court

---

[1] TEX. PENAL CODE ANN. § 19.02 (West 2011).

erroneously denied her motion for a mistrial after the State asked about improper character evidence, and (3) her trial counsel rendered ineffective assistance by electing to save an expert witness until the punishment phase of the trial. We affirm.

## Background

Trujillo and her boyfriend, Stefan Andersson, took a cab from a Houston bar to Andersson's nearby condo early one morning. Once inside the condo, they began to have a physical altercation, which quickly escalated. In the course of the fight, Trujillo bludgeoned Andersson's head at least 25 times with one of her high-heeled shoes. She called the police, who found Andersson dead. Trujillo told police that Andersson attacked her and she killed him in self-defense. Police processed the scene, took Trujillo's statement, and arrested her for murder.

At the guilt–innocence phase of her trial, Trujillo contended that she acted in self-defense. She adduced evidence that Andersson had been angry on the night of the fight and was drunk when he died. She argued that her self-defense theory was plausible given the forensic and medical evidence. The jury rejected this theory and convicted Trujillo of murder.

At the punishment phase of her trial, Trujillo raised the punishment-mitigation claim of sudden passion. She supported this theory with the testimony of Julia Babcock, a licensed professional counselor. Babcock testified that

2

Trujillo's relationship with Andersson was not abusive; however, Trujillo had suffered abuse in previous relationships, which caused her to "overreact."

Also during the punishment phase, Trujillo took the stand in her own defense. The State asked Trujillo about an episode when she had bitten a man on the cheek without provocation. Trujillo objected; the trial court sustained the objection and instructed the jury to disregard. Trujillo moved for a mistrial, which the court denied.

The jury assessed punishment at life imprisonment. The trial court sentenced Trujillo on April 11; she had until May 11 to file a motion for new trial. On May 7, she timely filed a notice of appeal. On May 9 her trial counsel withdrew representation. The trial court determined that Trujillo was indigent and appointed new appellate counsel. The parties disagree on when new counsel was appointed; the State contends counsel was appointed on May 7; Trujillo maintains that she had no appellate counsel until May 14, three days after the motion for new trial was due. Regardless, Trujillo never filed a motion for new trial.

## Denial of Counsel to File Motion for New Trial

In her first issue, Trujillo contends that she was unconstitutionally deprived of representation during part of the time allotted to her to prepare and file a motion for new trial.

3

## A. Standard of review

In Texas, "[t]he defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4. The 30-day window to file a motion for new trial is a "critical stage" of the proceedings against the defendant. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). The Sixth Amendment guarantees the right to effective assistance of counsel during every critical stage. U.S. CONST. amend. VI; *see Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 256–57 (1967).

"However, there still exists, in cases like this where a defendant is represented by counsel during trial, a rebuttable presumption that this counsel continued to adequately represent the defendant during this critical stage." *Cooks*, 240 S.W.3d at 911. If a defendant demonstrates that he was deprived of adequate counsel during this 30-day window, "this deprivation of counsel is subject to a harmless error or prejudice analysis." *Id.* When an appellant alleges on appeal a "facially plausible claim that could have been alleged in a motion for new trial," the error is not harmless beyond a reasonable doubt. *See id.* at 912.

## B. Presumption of adequate representation

Here, Trujillo was represented by trial counsel for 28 out of the 30 days given to file a motion for new trial. She was not appointed appellate counsel until

after the deadline to file a motion for new trial had expired.[2] Therefore, she rebuts the presumption that she was represented during the entire 30-day critical stage. *See Bearman v. State*, 425 S.W.3d 328, 330 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (presumption rebutted when trial counsel withdrew two weeks after sentencing and "the record clearly shows that for the second two weeks of the 30–day period after sentencing, appellant was not represented by counsel at all.").

## C. Harm

"We also decide, however, that this deprivation of counsel during the 30–day critical stage for filing a motion for new trial was harmless beyond a reasonable doubt." *Cooks*, 240 S.W.3d at 911–12. In *Cooks*, the defendant defeated the presumption by showing that he was without representation during the first 20 days of the 30–day period, but the error was harmless beyond a reasonable doubt because his brief presented no facially plausible claims that would have been raised in a timely filed motion for new trial. *See id.* at 912; *see also Mashburn v. State*, 272 S.W.3d 1, 5 (Tex. App.—Fort Worth 2008, pet. ref'd) (no harm when appellant does not identify purpose for motion for new trial). In *Bearman*, we

---

[2] The State contends that Trujillo's appellate counsel was appointed on May 7 instead of May 14, and thus there was no gap in representation. The trial court issued one order finding Trujillo indigent, memorializing her request to be appointed appellant counsel, and appointing her appellant counsel in accordance with that request. The court and Trujillo signed the order and wrote the date May 7; Trujillo's new attorney signed the order but wrote the date May 14. The docket sheet records appointment of appellate counsel on May 14. Because we ultimately conclude that any error was harmless, we do not need to resolve the timeline dispute.

found a deprivation of counsel to not be harmless beyond a reasonable doubt when the defendant identified "what issues he would raise [and] how the result of the case would have been changed had the issue been raised" in a motion for new trial. 425 S.W.3d at 331.

Trujillo does not identify what issues she would have raised in a motion for new trial nor how the result of her case would have been changed had the issue been raised. Her brief alleges no error that required a motion for new trial for the development of a record. And there is no motion to abate in the appellate record. Accordingly, this case is more like *Cooks* than *Bearman*.

We conclude that any deprivation of counsel that might have occurred during the period to file a new-trial motion was harmless beyond a reasonable doubt. We overrule Trujillo's first issue.

## Inadmissible Character Evidence

In her second issue, Trujillo argues that the trial court should have granted her motion for a mistrial after the jury heard improper character evidence.

### A. Standard of review

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim.

6

App. 2009). A prompt instruction from the trial judge is usually enough to cure the error and avoid the need for a mistrial. *Wesbrook v. State*, 29 S.W.3d 103, 115–16 (Tex. Crim. App. 2000). Whether an error requires a mistrial must be determined by the particular facts of the case. *Ladd*, 3 S.W.3d at 567.

When assessing an action on a motion for mistrial, determinations of historical fact and assessments of witness credibility and believability are left almost entirely to the discretion of the trial judge, and when there is conflicting evidence, there is no abuse of discretion if the motion is overruled. *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). An appellate court views the evidence in the light most favorable to the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The ruling must be upheld if it is within the zone of reasonable disagreement. *Id.*

## B.     Motion for mistrial

During the punishment phase of the trial, Trujillo called Julia Babcock, a licensed professional counselor, as a sudden-passion expert witness. On cross-examination, the State and Babcock had the following exchange:

[State]:     Dr. Babcock, would it have changed your opinion had you learned that Ana Trujillo walked into Bodega's and bit Stefan Andersson on the face?

[Babcock]:  Hypothetically?

[State]:     Yes. Let's say you learned that fact. Would that have changed your opinion in this case?

7

[Babcock]: It depends on when—

[State]: Like in the middle of the day at lunchtime. He's eating tacos with his friends and [Trujillo] walks in and bites him on the face. Would that change your opinion?

[Babcock]: I guess that's a strange hypothetical.

[State]: It's strange behavior, truly; but I'm asking if you had learned that, would that have changed your opinion in this case?

[Babcock]: No, because my opinion is based on her past history of having been abused and her—the psychological symptoms she's manifested.

Subsequently, Trujillo took the stand. Her counsel asked her:

[Defense]: The prosecutor said yesterday, hypothetically, that you bit someone at Bodega's. Do you know what she's talking about?

[Trujillo]: No.

On cross-examination, the following exchange occurred between Trujillo and the State:

[State]: Now, I want to talk about Bodega's. You said you're not aware of that incident. Isn't it true that there was a time when Stefan—and you mention Anders Berkenstein, Stefan's really good friend?

[Trujillo]: Yes.

[State]: Wasn't there a time when Anders Berkenstein and Stefan were sitting in Bodega's having a beer and tacos and you come in—

[Defense]: I'm going to object to this question, Your Honor.

8

[Court]: Overruled.

[State]: —unprovoked and bite him on the cheek? He doesn't hit you. He doesn't push you off. He then does this and you walk out and they come and tend to him. Isn't that true?

[Trujillo]: No.

[State]: Certainly not the first time you're hearing it, right? I'm sure in preparation for trial, you're aware that Anders Berkenstein gave a formal statement gave a formal statement to the homicide detectives, correct?

[Defense]: Your Honor, I object to relevance. I'm also going to object to the prosecutor testifying.

[Court]: That will be sustained. Move along.

[Defense]: Will you ask the jury to disregard?

[Court]: There was no response. Jury is instructed to disregard it. Move along. I sustained it. Move along.

[Defense]: We ask the jury to disregard it.

[Court]: Jury will disregard it. Move along.

[Defense]: Move for a mistrial.

[Court]: Denied.

Trujillo contends that this was improper character evidence and the trial court should have granted her motion for a mistrial. Her argument fails for two reasons. First, she objected to *relevance*, not *character evidence*. These are not the same objection. Character evidence is relevant; the probative value of character evidence comes from its tendency to show action in conformity therewith. *Sims v.*

9

*State*, 273 S.W.3d 291, 294 (Tex. Crim. App. 2008). Nevertheless, character evidence is inadmissible for that purpose. *Id.*; *see* TEX. R. EVID. 404.

Second, we presume that the trial court's instruction to the jury to disregard was effective. *Wesbrook*, 29 S.W.3d at 115–16. Trujillo's complete argument to overcome this presumption is: "Here, although the [trial court] gave a proper 'reasonable doubt' instruction to the jury . . . and 'an instruction to disregard' to the improper reference . . . the instruction was insufficient where punishment was assessed at [life imprisonment]." Trujillo cites no authority to support her contention that assessing punishment for murder at life imprisonment is enough to overcome the presumption. In the absence of any reasoning for this position, we reject it.

We overrule Trujillo's second issue.

## Ineffective Assistance of Trial Counsel

In her third issue, Trujillo contends that her trial counsel was ineffective because he chose to have Babcock testify during the punishment phase of the trial, instead of the guilt–innocence phase.

### A. Standard of review

"To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and

10

(2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State*, 106 S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). For the first prong, we presume that "counsel's performance was reasonably based in sound trial strategy." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). For the second prong, we require "a probability sufficient to undermine confidence in the outcome" of the proceedings. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813.

## B.    Self-defense

At the guilt–innocence phase, Trujillo argued that she acted in self-defense. Under that theory, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011); *see id.* § 9.32(a) (West 2011) (justified use of deadly force). "It is a defense to prosecution that the conduct in question is justified under this chapter." *Id.* § 9.02 (West 2011).

11

## C.    Sudden passion

At the punishment phase of the trial, Trujillo advanced a related, but legally distinct, argument: that she acted under the influence of sudden passion. "'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed . . . at the time of the offense and is not solely the result of former provocation." TEX. PENAL CODE ANN. § 19.02(a)(2) (West 2011). "At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." *Id.* § 19.02(d). If the jury accepts the defendant's sudden-passion claim, the defendant remains guilty but faces a less severe punishment. *See id.*

## D.    Babcock's testimony

Babcock testified at the punishment phase of the trial in support of Trujillo's sudden-passion theory. She noted that Trujillo had repeatedly been the victim of abuse and explained:

> [S]ometimes [victims of abuse] will take an aggressive stance. It's like a preemptive stance, like a kid who's been bullied over and over again, they might have a stance that's particularly aggressive. This is a problem because it puts them at a higher risk for being in a physical altercation later on down the road.

Babcock testified that Trujillo's relationship with Andersson was not abusive. Nevertheless, when the fight began, "it started from attempting to stop the person from leaving and it escalated from there. I think [Trujillo] was acting in

12

self-defense and her judgment was impaired and she overreacted, in part, based on her personal abusive history."

## E. Reserving Babcock's testimony for the punishment phase was not ineffective assistance

Trujillo argues that Babcock's testimony should have been presented in the guilt–innocence phase because "[t]he testimony of [Babcock] would have given context for [Trujillo's] subjective view (based on her history of sexual abuse and post-traumatic stress syndrome) to the term 'reasonable apprehension' of danger." With this context, Trujillo argues that the jury would have found that she acted in self-defense.

Assuming without deciding that Trujillo can show deficient performance by her trial counsel—the first *Strickland* prong—she cannot show harm—the second prong. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). Babcock's testimony was more appropriate for a sudden-passion theory than a self-defense theory, and it may have undermined her self-defense claim.

### 1. Babcock's testimony does not demonstrate an objectively reasonable fear

The State argues that Trujillo cannot show prejudice because "Babcock's testimony might actually have harmed [Trujillo's] self-defense claim by conceding

13

that [Trujillo's] conduct was excessive and an overreaction." We agree. The jury was instructed to find Trujillo not guilty if "it *reasonably* appeared to [Trujillo] that her life or person was in danger and there was created in her mind a *reasonable* expectation or fear of death." This mirrors the law of self-defense, which requires a *reasonable* belief that force is immediately necessary. TEX. PENAL CODE ANN. § 9.31(a). "[A] 'reasonable belief' is one that would be held by an ordinary and prudent person . . . ." *Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010).

Babcock's testimony is evidence that Trujillo subjectively believed that she needed to use deadly force—but it is not evidence that her belief was objectively reasonable. Rather, Babcock testified that Trujillo suffered from "impaired" judgment and "overreacted" based on an abnormal "aggressive stance." Accordingly, Babcock's testimony would have undermined Trujillo's theory of self-defense by inviting the jury to conclude that Trujillo's mortal fear was the product of psychological trauma and would not have been shared by an ordinary and prudent person in the same circumstances. *See id.* ("The only affirmative defense available under Texas law for those who commit crimes while suffering from an abnormal mental disease or defect is insanity . . . .").

14

**2.  Article 38.36 does not require an opposite conclusion**

Trujillo's reliance on Article 38.36 of the Texas Code of Criminal Procedure is misplaced. That provision states: "[T]he defendant, in order to establish the defendant's reasonable belief that use of force or deadly force was immediately necessary, shall be permitted to offer . . . relevant expert testimony regarding the condition of the mind of the defendant at the time of the offense, including those relevant facts and circumstances relating to family violence that are the basis of the expert's opinion." TEX. CODE CRIM. PROC. ANN. art. 38.36 (West 2005). A defendant's state of mind may be relevant to show an objectively reasonable belief that deadly force is necessary. For example, a defendant may "present evidence of the deceased's violent character to show she reasonably believed force was necessary to protect herself from the deceased." *Mozon v. State*, 991 S.W.2d 841, 845 (Tex. Crim. App. 1999). "Because the evidence was intended to show the defendant's state of mind it was relevant only if the defendant was aware of it." *Id.* But the requirement that a defendant's belief be objectively reasonable remains.

Babcock's testimony, had it been presented during the guilt–innocence phase of the trial, would have undermined Trujillo's self-defense theory by suggesting to the jury that Trujillo's reaction that night was "impaired," that she was "particularly aggressive," and that she did not display an objectively

15

reasonable response. Trujillo cannot establish that she was harmed by the omission of this testimony from the guilt–innocence phase.

Accordingly, we overrule Trujillo's third issue.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).